UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR NEIL RHONE, | No. 2:18-cv-00834-GGH |
| Petitioner, | |
| v. | ORDER |
| BUTTE COUNTY JAIL, | |
| Respondent. | |

Petitioner, appearing pro se, filed a petition for a writ of habeas corpus claim denial of medical services in the Butte County Jail on April 6, 2018. ECF No. 1. There are, however, some procedural issues that prevent this court from moving forward on the case.

First, petitioner neither sought in forma pauperis ["IFP"] status pursuant to 28 U.S.C. section 1915, nor has he paid the filing fee required by this Court in lieu thereof. Therefore, petitioner will be directed to complete a standard IFP application form that will be forwarded to him by the Clerk of the Court. Second, it appears that petitioner may be pleading under the wrong theory.

*THE PETITION*

Petitioner claims that he has been suffering from serious abdominal pain for a period of

////

////

1

six months[1] and has developed secondary symptoms that affect his ability to breathe properly. ECF No. 1 at 3-4. He further claims that he has repeatedly requested an abdominal CT scan to attempt to determine the cause of the problem but is, instead, treated only with oral medication that provides no relief. Id. at 4. He does not profess to be seeking review of his conviction and sentencing. This suggests that he has brought the wrong cause of action to address his federal claim of denial of medical care to which he may be entitled pursuant to the Fourteenth Amendment to the federal Constitution.

*SUFFICIENCY OF CLAIMS*

The conditions to bringing a writ of habeas corpus in the federal courts are succinctly stated in 28 U.S.C. section 2254(a). "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.* Insofar as petitioner is *not* challenging the judgment of the Butte County Superior Court where he was convicted, but rather challenging the conditions of his confinement in that institution, habeas corpus, then, is not a proper vehicle for petitioner.

When addressing claims brought by a pro se litigant, the court holds the litigant to a less stringent standard than those applied to pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). In this case there is a potential for a properly alleged claim under a different legal theory.

---

[1] Petitioner states that he was convicted on October 30, 2017 and sentenced on April 24, 2018, which is obviously in error as his petition was filed April 6, 2018. ECF No. 1 at 2. Thus it is to be presumed that he was incarcerated while awaiting trial and through completion of the trial He also professes not to know the length of his sentence. Id.

Petitioner has stated a colorable claim for relief based on allegations he has received inadequate medical care for a serious medical condition in violation of his Eighth Amendment rights which is an issue that can be raised pursuant to 42 U.S.C. section 1983.

In order to avail himself of the remedies available under this code section, petitioner must name specific defendants alleged to have personally participated in the alleged deprivation of his constitutional rights, or those who knew of the violations and failed to act to prevent them or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hanson v. Black, 885 F.2d 642 (9t Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

Here plaintiff has named the jail where he is incarcerated but not the medical practitioners who are allegedly depriving him of proper medical care.  He must properly name defendants specifically if he chooses to amend under this code section.  The County Jail, itself, cannot stand as a named defendant as it cannot take actions or be responsible for inaction as is alleged here. Although there are no facts alleged that suggest the Butte County Sheriff was implicated in the decision making in this case, he or she may also be a proper defendant if indeed he or she was made aware of the violations and failed to act to prevent them or implemented a policy that was the moving force behind the alleged violations as described in Larez, supra.

If petitioner chooses to take advantage of the opportunity to amend his complaint he should denominate himself as "Plaintiff," rather than "Petitioner," and denominate those from whom he seeks redress as "Defendants" rather than "Respondents."

*CONCLUSIONi*

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court is directed to send petitioner a new Application to Proceed In Forma Pauperis By a Prisoner;

2.      Petitioner's petition is dismissed with leave to amend in accordance with the terms of this Order if he so chooses;

3.      Within 45 days of the date of this Order Petitioner shall file:

3

a. A completed In Forma Pauperis application;

b. A copy of his jail trust account statement for the six month period immediately preceding the filing of the petition or submit the filing fee required by the court.

c. A First Amended Complaint that conforms to the dictates of this Order.

Petitioner is warned that failure to comply with this order will result in a recommendation that the action be dismissed and the file closed.

**IT IS SO ORDERED.**

Dated: April 24, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE